| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | ) | |

Travis Burt

**Plaintiff(s)**

vs.

Safeco Insurance Company of America,

**Defendant(s)**

**CIVIL ACTION COVERSHEET**

<u>2017</u>-CP - <u>40</u>- <u>01237</u>

**Submitted By:** A. Camden Lewis
**Address:** 1513 Hampton Street/PO Box 11208
Columbia, SC 29211-1208

**SC Bar #:** 3298
**Telephone #:** 803-771-8000
**Fax #:** 803-733-3541
**Other:**
**E-mail:** ACL @ lewisbabcock.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION  (Check all that apply)

*\*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.  ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (*Check One Box Below*)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20____-NI-____-_____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| ☐ Employment Discrim (170) | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment (180) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Other (199) _____ | | ☐ Other (399) _____ | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| _____ | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) _____ | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | | ☐ Other (999) _____ |
| ☒ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | ☐ Other (799) _____ | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

**Submitting Party Signature:** _____  **Date:** 3/3/2017

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**     **You must comply with the Supreme Court Rules regarding ADR.**
                **Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA  )  IN THE COURT OF COMMON PLEAS
           )  FIFTH JUDICIAL CIRCUIT
COUNTY OF RICHLAND    )
           )  CASE NO.: 2017-CP-40- 01237
Travis Burt,        )
           )
      Plaintiff,  )
           )
v.           )  **SUMMONS**
           )
Safeco Insurance Company  )
of America,        )
           )
      Defendants. )

**TO THE DEFENDANTS ABOVE NAMED:**

  YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you , and to serve a copy of you Answer to said Complaint on the subscriber at their offices, 1513 Hampton Street, Post Office Box 11208, Columbia, South Carolina 29211, within thirty (30) days after the service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

                _____

             A. Camden Lewis (SC Bar #: 3298)
             J. Ryan Heiskell (SC Bar #: ****)
             LEWIS BABCOCK L.L.P.
             Post Office Box 11208
             1513 Hampton Street (29201)
             Columbia, South Carolina 29211-1208
             Tel.: (803) 771-8000
             Fax: (803) 733-3534
             Email: acl@lewisbabcock.com
                jrh@lewisbabcock.com

             Joseph Preston Strom, Jr. (SC Bar #: ****)
             John R. Alphin (SC Bar #: ****)
             STROM LAW FIRM, LLC
             2110 N. Beltline Blvd.
             Columbia, South Carolina 29204-3999
             Tel.: (803) 252-4800
             Fax: (803) 252-4801
             Email: petestrom@stromlaw.com
                jalphin@stromlaw.com

Columbia, SC
March 3 , 2017

             *Attorneys for Plaintiff*

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | ) | |
| | ) | |
| Travis Burt, | ) | |
| | ) | Case No.: 2017-CP-40-01237 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| Safeco Insurance Company | ) | **Jury Trial Demanded** |
| of America, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Travis Burt ("Plaintiff"), by and through his undersigned counsel, brings this Complaint against Safeco Insurance Company of America ("Defendant") and alleges the following:

## PARTIES

1. Travis Burt is a citizen and resident of Richland County residing at 8 Lavington Court, Columbia, SC 29209.

2. Safeco Insurance Company is a corporation organized and existing under the laws of Oregon, which provides insurance policies to South Carolina residents, including those residing in Richland County.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action and the parties pursuant to S.C. Code Ann. § 14-1-80.

4. Venue is proper in Richland County pursuant to S.C. Code Ann. § 15-7-70.

1

## FACTS

5. Plaintiff's home is located in Richland County at 8 Lavington Court in Columbia, SC.

6. Defendant insures Plaintiff's home pursuant to a homeowners' policy effective through January 9, 2016.

7. On October 4, 2015, the State of South Carolina experienced hours of intense rainfall as a result of the convergence of two powerful weather systems.

8. Defendant has refused to make payment to Plaintiff under the homeowners' policy. In its rejection of coverage, Defendant hides behind the following allegedly "exclusionary language":

10. Water Damage, meaning:
 a. (1) flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, storm surge or spray from any of these, whether or not driven by wind, including hurricane or similar storm; or
  (2) release of water held by a dam, levee, dike or by a water or flood control device or structure;
 b. water below the surface of the ground, including that which exerts pressure on, or seeps or leaks through a building, wall, bulkhead, sidewalk, driveway, foundation, swimming pool, hot tub or spa, including their filtration and circulation systems, or other structure;
 c. water which escapes or overflows from sewers or drains located off the residence premises;
 d. water which escapes or overflows from drains or related plumbing appliances on the residence premises. **However, this exclusion does not apply to overflow and escape cause by malfunction on the residence premises, or obstruction on the residence premises, of a drain or plumbing appliance on the residence premises**; or
 e. water which escapes or overflows or discharges, for any reason, from within a sump pump, sump pumpwell or any other system designed to remove water which is drained from the foundation area. Water includes any water borne materials.

This exclusion applies whether the water damage is caused by or resulting from human or animal forces or any act of nature. Direct loss by fire, explosion or theft resulting from water damage is covered.

2

9. This Exclusion, however, does not apply to the circumstances leading to Plaintiff's losses to his home and payment should be made pursuant to the terms of the homeowner's policy in effect. The damage to the home was a direct result of a malfunctioning drain located on the Plaintiffs property. This drain caused and/or contributed to the damage to Plaintiff's home and was not the result of a flood as defined within the language of the Exclusion for water damage. *See* subparagraph d of the definition.

10. In addition, no one from Safeco ever came to inspect the drain or the Plaintiff's property damage.

### FOR A FIRST CAUSE OF ACTION
**(Bad Faith Refusal to Pay)**

11. Paragraphs 1 through 10 above are reiterated and re-alleged as though set forth verbatim.

12. At the time Plaintiff's home was damaged, Plaintiff was insured by Defendant under a homeowners' policy effective through January 9, 2016. A copy of this policy is attached as exhibit A.

13. This homeowners' policy is a mutually binding contract of insurance between Plaintiff and Defendant.

14. Plaintiff's home sustained severe damage due to the malfunction of a drain on Plaintiff's property.

15. The damage to Plaintiff's home was directly and proximately caused by the malfunction of the drain on the Plaintiff's property.

16. To date, Defendant has refused to pay benefits to Plaintiff due under the homeowners' policy to cover the damages to Plaintiff's home.

3

17. In addition, Defendant refused to inspect the Plaintiff's property following the claim being filed by the Plaintiff.

18. Defendant's repeated refusal to pay benefits due under the contract, without regard to the severity of the damage sustained or the circumstances under which the damages were inflicted, constitutes a breach of the implied covenant of good faith and fair dealing inherent in every South Carolina contract, including the contract at issue.

19. Defendant's unreasonable and bad faith breach of the implied covenant of good faith and fair dealing damaged Plaintiff by denying him payments with which to repair the damage to his home.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

20. Paragraphs 1 through 19 above are reiterated and re-alleged as though set forth verbatim.

21. Plaintiff and Defendant entered into a contract by which Defendant agreed to provide insurance coverage on Plaintiff's residence.

22. Defendant breached the contract the parties entered into by refusing to pay for the damages Plaintiff's residence sustained, described above.

23. As a result of Defendant's breach of the terms of the contract between the parties, Plaintiff has been damaged and continues to suffer.

## FOR A THIRD CAUSE OF ACTION
### (Breach of Contract with Fraudulent Intent)

24. Paragraphs 1 through 23 above are reiterated and re-alleged as though set forth verbatim.

4

25. Plaintiff and Defendant entered into a contract by which Defendant agreed to provide insurance coverage on Plaintiff's residence.

26. Defendant breached the contract the parties entered into by refusing to pay for the damages Plaintiff's residence sustained, described above.

27. Defendant's breach of the contract was accompanied by a fraudulent act in that its denial of insurance coverage was dishonesty in fact and unfair dealing in that the Defendant refused to inspect the Plaintiff's property following his claim.

28. As a result of Defendant's breach of the terms of the contract with fraudulent intent, Plaintiff has been damaged and continues to suffer.

WHEREFORE, Plaintiff Travis Burt respectfully requests that judgment be entered in his favor against Defendant as follows:

1. Actual damages according to proof presented at trial;

2. Punitive damages as determined by the trier of fact;

3. Pre-judgment interest;

4. Attorneys' fees and costs; &

5. Such other and further relief as this Court deems just and proper.

JURY TRIAL DEMANDED

**SIGNATURE BLOCK ON FOLLOWING PAGE**

5

A. Camden Lewis
J. Ryan Heiskell
LEWIS BABCOCK L.L.P.
Post Office Box 11208
1513 Hampton Street (29201)
Columbia, South Carolina 29211-1208
Tel.:   (803) 771-8000
Fax:   (803) 733-3534
Email:  acl@lewisbabcock.com
        jrh@lewisbabcock.com
Joseph Preston Strom, Jr.
John R. Alphin
STROM LAW FIRM, LLC
2110 N. Beltline Blvd.
Columbia, South Carolina 29204-3999
Tel.:   (803) 252-4800
Fax:   (803) 252-4801
Email:  petestrom@stromlaw.com
        jalphin@stromlaw.com

Columbia, SC                    *Attorneys for Plaintiff*
March 3, 2017

6